# EXHIBIT 1

## IN THE FOURTH CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

Delores Ann Walker,  )
   Plaintiff,  )
  )
  )  NO. 110141
vs.  )
  )
  )
Tobby Shane Wlaker,  )
  Defendant.  )

FILED
JUL 07 2008
BY Joy R. McCroskey, Clerk

### FINAL DECREE

This cause came to be heard for the final hearing on the 7th day of _July_, 2008, before the honorable **BILL SWANN; JUDGE FOR THE FOURTH CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE**, on the complaint for Divorce, Marital Dissolution Agreement, testimony of witness in open Court, and the record as a whole, from all of which it appeared to the Court that the Court has jurisdiction over the parties and the subject matter of this cause, that the parties have submitted a notarized written Marital Dissolution Agreement, resolving the property rights of the parties, and the Defendant has signed a waiver of service and a waiver of filing an answer, and has acknowledged that the Plaintiff's attorney does not represent the Defendant and has not given the Defendant any advice, and Defendant understands that Defendant has a right to have an attorney represent the Defendant, and Defendant has signed the Marital Dissolution Agreement and Final Decree of Defendants own free will, and the Court affirmatively finds in its decree that the parties have made adequate and sufficient provision by written agreement in the Marital Dissolution Agreement for the custody and maintenance of any children and equitable settlement of property rights between the parties, that the Plaintiff is entitled to an absolute divorce from the Defendant on the grounds of irreconcilable differences, and the Marital Dissolution Agreement is incorporated into this Final Decree as if quoted herein verbatim.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

1. That the Plaintiff, __Delores Ann Walker__ is granted an absolute divorce from the Defendant, __Tobby Shane Walker__ and the parties are restored to all rights and privileges of unmarried persons.

2. That the Marital Dissolution Agreement is hereby approved and is incorporated into this Final Decree verbatim.

3. The Plaintiff is taxed with the Court costs, for collection of which, execution shall issue, if necessary.

4. That **Charles Gordon** is allowed to withdraw as attorney of record for the Plaintiff.

ENTERED this __7th__ day of __July__, 2008.

JUDGE Joy R. McCroskey, Clerk
Pursuant to TCA 18-
By_____ D.C.

APPROVED FOR ENTRY:

PLAINTIFF: Delores Ann Walker

DEFENDANT: Tobby Shane Walker

CHARLES GORDON, BAR # 001537
Attorney for Plaintiff
2624 Shropshire Blvd.
Powell, TN 37849
(865) 938-2031

BK/PG: IN302/1944-1951
08004797

| 8 PGS : AL - LIEN | |
|---|---|
| DOROTHY BATCH: 19017 | |
| 11/21/2008 - 10 43 56 AM | |
| VALUE | 0 00 |
| MORTGAGE TAX | 0 00 |
| TRANSFER TAX | 0 00 |
| RECORDING FEE | 40 00 |
| DP FEE | 2 00 |
| REGISTER'S FEE | 0 00 |
| TOTAL AMOUNT | 42 00 |

STATE OF TENNESSEE, GRAINGER COUNTY
**DOROTHY REAGAN**
REGISTER OF DEEDS

STATE OF: TENNESSEE
COUNTY OF: KNOX

Personally appeared before me, **Donna Henderlight**, Notary Public of said County, **Delores Ann Walker**, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who acknowledged that she executed the within instrument for the purposes therein contained.

Witness my hand, at office, this 11th day of March, 2008.

*Donna Henderlight*
NOTARY PUBLIC, Donna Henderlight

My commission expires: 2/2/2011



STATE OF: TENNESSEE
COUNTY OF: KNOX

Personally appeared before me, **Donna Henderlight**, Notary Public of said County, **Tobby Shane Walker**, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who acknowledged that he executed the within instrument for the purposes therein contained.

Witness my hand, at office, this 11th day of March, 2008.

*Donna Henderlight*
NOTARY PUBLIC, Donna Henderlight

My commission expires: 2/2/2011

pm

## IN THE FOURTH CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

DOLORES ANN WALKER
  Plaintiff,

Vs.                                                                      NO. 110141

TOBBY SHANE WALKER

FILED
JUL 07 2008
BY Joy R. McCroskey, Clerk

### MARITAL DISSOLUTION AGREEMENT

THIS AGREEMENT, made and entered into on the 6th day of February, 2008, by and between TOBBY SHANE WALKER ,hereinafter referred to as "husband" and DOLORES ANN WALKER hereinafter referred to as "wife" subject to the approval of the Court, do hereby agree as follows:

#### WITNESSETH:

WHEREAS, the parties have experienced marital difficulties whereby the marriage is completely and permanently broken and the parties have irreconcilable differences and a Complaint for Divorce will be or has been filed in the Court, and it is the desire of the parties to avoid litigation by making a complete and final settlement, subject to the approval of the Court, of all their property rights, real and personal, now owned or hereafter acquired, and to make a fair, equitable and reasonable agreement to settle all legal rights, except for the marriage relationship.

NOW, THEREFORE, in consideration of the premises hereinabove stated and mutual covenants and agreements which are hereinafter set forth, the parties hereto, intending to be legally bound, do mutually covenant, contract and agree as follows:

1. VENUE. It is agreed that the parties desire to put at issue the matter of their divorce in the FOURTH CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE, and for that purpose they waive any requirement of venue and agree for the convenience of the parties that the cause shall be heard and determined in the FOURTH CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE.

2. REPRESENTATIONS AND WARRANTIES. Each of the parties acknowledges that the following representations and warranties have been made, each to the other, to induce the execution of this AGREEMENT.

3. FULL DISCLOSURE. Each of the parties has completely revealed and disclosed to the other, all properties, assets, and liabilities, and the full extent of any and all financial holdings, including separate and joint bank accounts, retirement accounts, certificates of deposit, stocks, bonds, options, rights, warrants, ownership interests, and cash holdings, which are or are not of record, and any others. Each party agrees to give the other a release for the purpose of allowing inspection of any and all bank and financial records up to date of the final hearing.

4. INCORPORATION INTO FINAL DECREE. It is understood and agreed between the parties that this their Agreement shall be introduced in any divorce action prosecuted by either of them and submitted to the Court for ratification and incorporation into the final decree.

5. FINAL SETTLEMENT OF PROPERTY RIGHTS. It is understood and agreed between the parties that this their Agreement is intended to be a final settlement of all property rights to the parties hereto and is a discharge from all other claims arising out of their martial relationship and that each hereby waives and relinquishes to the other all rights or claims which they may have or hereafter acquire under law of any jurisdiction on the other's property, including without limitation, dower, curtesy, alimony, statutory allowance, homestead rights, right to take against the will of the other inheritance, descent or distribution or right to act as administrator or executor of the other's estate, and this Agreement applies to all property now owned by Wife and Husband, or any property that either of them may acquire in the future.

6. BENEFIT. This Agreement shall be binding upon and insure to the benefit of the parties hereto, their personal representatives and the custodian or guardian of the children, if any.

7. CREDIT. The parties hereto agree that neither party shall charge or cause to be charged to the other party any purchase which either of them may make after this Agreement is entered into, and shall not create any engagement or obligations in the name of or against the other party, nor shall either party hereafter secure or attempt to secure any credit upon or in connection with the other. Each Warrants that there are no charges on the other's credit that have not been fully revealed to the other party. If there are any such unrevealed charges, the party making those charges shall be responsible for the payment of those unrevealed charges.

8. WAIVER. The parties hereto, exclusive of the terms and provisions of this instrument, each waive all rights, title and interest, consummate and inchoate, in and to the property and estate of the other by way of expectancy or reversion or otherwise including martial, insurance, contractual and all other rights by way of dower, homestead, exemption, alimony or otherwise, in present or in expectancy as to any and all property and estate of the other, and each of the parties does hereby release and discharge the other from any and all control, claims, demands, actions or causes of action, except as tot he obligations imposed by this instrument or by the Court's decree, this being intended as a full, final and complete settlement of the property, marital and other rights of the parties hereto.

9. ENTIRE AGREEMENT. This Agreement contains the entire understanding and agreement between the parties. There are no representations, warranties, covenants or undertakings other that those expressly set forth herein, and each party enters into

this contract voluntarily, advisedly, and with full knowledge of the financial condition, nature character, and value of the other's estate. The law of the States of Tennessee shall govern this Agreement in all respects.

10. NON-DISCHARGEABILITY. With respect to each party's responsibility for payment of certain debts and liabilities, and there obligations to hold other harmless for the payment thereof, the parties understand and agree that there obligation is a non-dischargeable debt under the Bankruptcy Code, this obligation being part of the final financial support settlement for both parties.

11. NECESSARY DOCUMENTS. Each party at the request of the other shall voluntarily execute and deliver all documents which may be reasonably necessary to give full effect to this Agreement.

12. NON-COMPLIANCE. Should either party incur any expense or legal fees as a result of the breach and/or enforcement of any portion of this Agreement by the other party, the parties agree that the court shall award reasonable attorney's fees and suit expenses to the non-defaulting party which are reasonably incurred.

13. SEVERABILITY. Should the Court hold that any portion of this Agreement is invalid, the remainder shall be in full force and effect and the invalid portion shall be struck from the Agreement or modified as the Court shall so order.

14. VOLUNTARY EXECUTION. Each party acknowledges that this Agreement has been entered into of his or her own volition with full knowledge and information, including tax consequences. In some instances, it represents a compromise of disputed issues. Each believes the terms and conditions to be fair and reasonable under the circumstances. No coercion or undue influence has been used by or against either party in making this agreement. Each party acknowledges that no representations of any kind have been made to him or her as an inducement to enter this Agreement, and other than the representations set forth therein.

15. MODIFICATION. A modification or waiver of any of the provisions of this Agreement shall be effective only if made in writing and executed with the same formality as this Agreement. Failure of either party to insist upon strict performance of any of the provisions of this Agreement shall not be construed as a waiver of any subsequent default of the same of similar nature.

16. PRIOR TAX LIABILITY. If in connection with any joint Federal Income Tax Returns heretofore filed by the parties there is a deficiency assessment, the amount ultimately determined to be due thereon shall be borne by either or both parties, depending upon whether the deficiency arose out of the individual income, deduction, or misreporting of one or the other party's claim, or out of joint income or deduction. Wife and Husband each represents and warrants to the other that all Federal income tax returns during the marriage are, in all respects, true, correct, and complete and accurately reflect income and deductions for those years.

17. PREGNANCY. The parties hereby state that as of this time they have no reason to believe that the Wife is pregnant, but if they become aware that the Wife is pregnant prior to the granting of a Final Decree, they shall inform the Court and the attorney of the pregnancy.

18. PLAINTIFF'S ATTORNEY. It is agreed that Charles Gordon represents the plaintiff in this divorce action, that the Defendant has been advised to take this agreement and all other papers prepared by the attorney to defendant's own attorney for

review and approval, that Charles Gordon or any member of my firm has given no legal advise to the Defendant, the defendant has a right to have an attorney represent the defendant.

19. RELIANCE. It is agreed that each party is relying on the other party's representation as to disclosure of assets or has made an independent investigation of the other party's marital assets.

20. INVESTIGATION. It is agreed that the plaintiff has not retained the attorney to make any investigation of the assets of the parties, their martial assets, or income of either party. The plaintiff has asked the attorney to make this agreement from information supplied by the plaintiff. That the plaintiff is making this agreement relies on representations made by the defendant as to assets, liabilities and income of the parties, and all separate and marital property, and joint and separate debts of the parties or has made an independent investigation for this information. Plaintiff, in order to avoid the expense of investigation of assets and liabilities and income of the defendant, has instructed the attorney not to make such investigation and make the agreement solely in accordance with plaintiff's specific instructions.

21. ATTORNEY INVESTIGATION. No investigation of the assets, liabilities and income of the parties has been made by the attorney because the attorney has not been retained at additional cost to do so. The obligation of this attorney is to prepare this agreement in accordance with specific instructions by the plaintiff.

22. ATTORNEY FEES. The attorney has charged a fee to make an agreed divorce from information supplied to him by the plaintiff only. The plaintiff may contract with the attorney to make an investigation of assets, liabilities and income by paying the attorney additional fees to make the investigations.

23. ADDITIONAL FEES. No additional fees were paid by the plaintiff to the attorney to do any investigation of assets, liabilities and income, and no investigation of assets, liabilities and income were made by the attorney.

24. WAIVER. The Defendant waives further service of process and waives filing and answer and acknowledges that the attorney does not represent the defendant.

25. The permanent parenting plan is incorporated into this marital dissolution agreement verbatim.

26. The wife shall be vested in and the husband shall be divested out of all right, title and interest in the two (2) parcels of real property owned by the parties at 1465 Blankenship Road, Washburn, TN 37888, and the husband shall sign two warranty deeds to said real property over to the wife and the wife shall pay the husband the sum of FOUR HUNDRED TWENTY SEVEN DOLLARS ($427.00) per month for ONE HUNDRED FIFTY SIX (156) MONTHS, for the husbands interest in the said two parcels of real property.

27. Each party shall be divested out of all right, title and interest in all financial assets, pension funds, vehicles and all other personal property in the name and/or possession of the other party, except that the husband shall sign the title to the wife's 1999 Pontiac Grand Am, VIN 1G2NW52E3XM824446. The husband shall pay the debts that he incurred and the wife shall pay the debts that she incurred and each party shall indemnify the other party and hold other party harmless.

IN WITNESS WHEREOF, the parties have executed the foregoing agreement the  25th  day of  February,  2008.

Case 3:19-bk-33182-SHB   Doc 45-1   Filed 02/10/20   Entered 02/10/20 16:04:07   Desc
Exhibit 1    Page 9 of 9

X **Dolores Ann Walker**  X *(signature)*
PLAINTIFF: DOLORES ANN WALKER        DEFENDANT: TOBBY SHANE WALKER

STATE OF: TENNESSEE

COUNTY OF: KNOX

Personally appeared before me, ~~CHARLES GORDON,~~ Donna Henderlight NOTARY PUBLIC of said County,

DOLORES ANN WALKER _____ with whom I am personally

acquainted (or proved to me on the basis of satisfactory evidence), and who acknowledged that

she _____ executed the within instrument for the purposes therein contained.

Witness my hand, at office, this  25th  day of  February  2008

My Commission Expires: 2-2-11

NOTARY PUBLIC, *Donna Henderlight*

STATE OF: TENNESSEE

COUNTY OF: KNOX

Personally appeared before me, Donna Henderlight _____ Notary Public of said County,

TOBBY SHANE WALKER _____ with whom I am personally

acquainted (or proved to me on the basis of satisfactory evidence), and who acknowledged that

he _____ Executed the within instrument for the purposes therein contained.

Witness my hand, at office, this  25th  day of  February,  2008.

My Commission Expires: _____

NOTARY PUBLIC, *Donna Henderlight*