**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **DOLORES ANN WALKER,** | ) | **NO: 3:19-bk-33182-SHB** |
| Debtor. | ) | **Chapter 13** |
| | ) | |

**BRIEF IN SUPPORT OF CONFIRMATION**

Comes now the Debtors, by Counsel, and would file the following Brief:

### I. ISSUE

1. Was the Debtor's Plan proposed in good faith as per 11 U.S.C. § 1325(a)(3)?

2. Will creditors receive less under the Debtor's plan that they would receive in a Chapter 7 per 11 U.S.C. § 1325(a)(4)?

3. Does the Debtor's Plan provide for payment of all disposable income per 11 U.S.C. § 1325(b)(1)(B)?

4. Is the Debtor's Plan feasible under 11 U.S.C. § 1325(a)(6)?

5. Was the Debtor's Petition was filed in good faith under 11 U.S.C. § 1325(a)(7)?

### II. FACTS

6. The Debtor's Chapter 13 Bankruptcy case was filed on September 30, 2019.

7. An Objection to the Debtors Chapter 13 Plan was filed on behalf of Tobby Walker on November 6, 2019.

8. The Chapter 13 Trustee filed an Objection to the Debtors Chapter 13 Plan on November 15, 2019 which was withdrawn on February 10, 2020.

9. The Debtor's Chapter 13 Plan Prior to Confirmation proposed treatment to

Tobby Walker under 3.4 Lien Avoidance.

### III. ARGUMENT

The Debtor filed her Chapter 13 Bankruptcy case on September 30, 2019. The only Objection remaining is Tobby Walker. A proof of claim was filed on December 3, 2019 reflecting a secured claim of $95,992.00. The Final Decree was recorded with the Grainger County Register of Deeds on November 21, 2008. The Debtor listed treatment for Tobby Walker under 3.4 of her Proposed Chapter 13 Plan Prior using the mathematics associated with 3.4 to determine the Extent of Impairment. Based on the value of the Real Property at $76,000.00 and taking into account the Debtors Homestead Exemption of $25,000.00 and First Mortgage Lien scheduled at $85,317.00 it was determined the Extent of Impairment was $87,491.62 which resulted in a secured claim amount of $0.00. Debtors first mortgage creditor JP Morgan Chase filed a proof of claim on December 3, 2019 reflected a secured claim of $53,958.32. Using the treatment under 3.4 the secured claim amount would still result in $0.00 using JP Morgan Chase claim amount.

The other main Objection is "good faith: under 1325(a)(3) or (a)(7). In this case the only argument is repeat filings. In her last case she was terminated from her job so she could not maintain her budget and the payments. She is now employed and has a Wage Order and payments are coming in and are current. See Exhibit 1.

### V. CONCLUSION

The Debtors' proposed plan is confirmable because the Debtors' proposed plan meets disposable income requirements pursuant to 11 U.S.C. § 1325(b)(1)(B), meets feasible requirements pursuant to 11 U.S.C. § 1325(a)(6), meets good faith requirements of 11 U.S.C. § 1325(a)(3), meets good faith requirements of 11 U.S.C. § 1325(a)(7), best interest requirements

of 11 U.S.C. § 1325(a)(4) and meets all other requirements of the Bankruptcy Code.

Dated: February 10, 2020

BY: s/ Richard M. Mayer # 5534
s/ John P. Newton, Jr. #010817
Law Office of Mayer & Newton
Attorney for Debtors
Landmark Center South Tower
1111 Northshore Drive
Knoxville, TN 37919

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing Brief has been forwarded to the following:

Gwendolyn Kerney   (ECF)
Chapter 13 Trustee
P.O. Box 228
Knoxville, TN 37901

Tiffany DiIorio   (E-mail)
Office of the United States Trustee
Suite 114, 800 Market Street
Howard H. Baker, Jr. US Courthouse
Knoxville, TN 37902

W. Tyler Chastain, Esq.  (ECF)
Attorney for Tobby Walker
BERNSTEIN, STAIR & MCADAMS LLP
116 Agnes Road
Knoxville, Tennessee 37919

s/ Richard M. Mayer # 5534
s/ John P. Newton, Jr. #010817
Law Office Mayer & Newton
Attorney for Debtors

Dated: February 10, 2020